J-S35003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A. CHARLES PERUTO, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CATALYST OUTDOOR ADVERTISING, LLC AND THADDEUS BARTKOWSKI III, | |
| Appellants | No. 2913 EDA 2019 |

Appeal from the Judgment Entered August 28, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 170901962

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY STABILE, J.          Filed: January 13, 2021

I join in the Majority's disposition of all but one issue.  Catalyst contends in its penultimate argument that the trial court erred by "den[ying] Catalyst's motion for summary judgment [because Mr. Peruto] failed to come forward with any evidence and relied solely upon the allegations of the Complaint, which, as a matter of law, cannot defeat a motion for summary judgment." Catalyst's Brief at 8.  Based on this alleged error, Catalyst asks us to reverse the judgment in Mr. Peruto's favor and enter judgment in Catalyst's favor. *Id.* at 21.  The Majority rejects Catalyst's argument based on its review of the record developed at the summary judgment stage.  In my view, Catalyst cannot appeal the denial of its summary judgment motion because the case

_____

[*] Retired Senior Judge assigned to the Superior Court.

was tried to verdict. Accordingly, I am constrained only to concur in the result on this issue.

The Rules of Civil Procedure require parties to file summary judgment motions in advance of trial and "within such time as not to unreasonably delay trial." Pa.R.C.P. 1035.2. The purpose of summary judgment motions is to weed out meritless cases prior to trial and avoid useless trials. *DeArmitt v. New York Life Ins. Co.,* 73 A.3d 578, 595 (Pa. Super. 2013) (citation omitted). The court may grant summary judgment when there are no material facts in dispute as to any cause of action and judgment may be entered before trial as a matter of law. *Swords v. Harleysville Ins. Companies,* 883 A.2d 562, 566 (Pa. 2005). For purposes of ruling on a summary judgment motion, the record consists of the pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses, that would, if filed, comply with Pa.R.C.P. No. 4003.5(a)(1). Pa.R.C.P. No. 1035.1.

Once a matter proceeds to trial, however, an order denying summary judgment is no longer subject to review. A party whose summary judgment motion was denied pretrial again may challenge the legal sufficiency of a party's cause of action during trial through either a motion for a compulsory nonsuit under Pa.R.C.P. 230.1[1] or a motion for directed verdict under

---

[1] A compulsory nonsuit is proper upon the motion of a defendant where, at the close of the plaintiff's case, the plaintiff has not introduced sufficient evidence during trial to establish the necessary elements to maintain a cause

Pa.R.C.P. 226.[2]   This is because the record developed during trial—the evidence submitted to the factfinder through testimony, exhibits, and admissions—supersedes the record existing at the time of a pretrial motion for summary judgment.[3]

The same principle applies with equal force to post-trial motion proceedings.   Because the trial record supersedes the summary judgment record, a party cannot renew his unsuccessful summary judgment motion at the post-trial stage.   Instead, pursuant to Pa.R.C.P. 227.1(a)(2), he must file a motion for judgment n.o.v, a motion that requires review of the trial record. *Hall*, 54 A.3d at 895.   It therefore also stands to reason that if a party cannot

---

of action.  *T.M. v. Janssen Pharmaceuticals, Inc.*, 214 A.3d 709, 720 (Pa. Super. 2019).

[2] A party may move for a directed verdict at the "close of all the evidence." Pa.R.C.P. 226.   "There are two bases upon which a [directed verdict or judgment n.o.v.] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant."  *Hall v. Episcopal Long Term Care*, 54 A.3d 381, 395 (Pa. Super. 2012).   With the first, the court reviews the trial record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor.  *Id.*   With the second, the court reviews the trial evidence and concludes that the evidence was such that a verdict for the movant was beyond peradventure.  *Id.*

[3] While we cannot locate a Pennsylvania decision that explicitly makes this point, federal courts have done so.  *See*, *e.g.*, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 545 (6th Cir. 2012) ("[o]nce the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion").  *See also Hvizdak v. Linn*, 190 A.3d 1213, 1224 (Pa. Super. 2018) ("we may rely on decisions of lower federal courts for persuasive authority").

challenge the pretrial denial of a summary judgment motion post-trial, a party likewise may not do so on appeal after a trial court's disposition of post-trial motions.

In its penultimate argument, Catalyst asks us to reverse the judgment in Mr. Peruto's favor and enter judgment in Catalyst's favor on the ground that the trial court erroneously denied Catalyst's pretrial summary judgment motion. I would deny this argument for the reason that denial of a pretrial motion for summary judgment is not a reviewable order. I therefore, respectfully disagree with the Majority's decision to do so, but agree fully with the conclusion to deny relief. Accordingly, while I join fully on all other issues addressed by the Majority, I offer only my concurrence on this issue.[4]

---

[4] I note for the sake of clarity, that when a trial court **grants** summary judgment as to some, but not all, issues or parties pretrial, an aggrieved party may appeal the order granting partial summary judgment after the entry of a final order. *K.H. v. J.R.*, 826 A.2d 863, 869 (Pa. 2003). This scenario does not exist in the present case.